(4 Misc. Rep. 302.)

PARSHLEY v. THIRD METHODIST EPISCOPAL CHURCH OF BROOKLYN.

(City Court of Brooklyn, General Term. June 26, 1893.)

EMPLOYMENT OF AGENT—CHARACTER OF SERVICES.

Where plaintiff, a member of defendant Methodist church, expended money and rendered services in procuring the suspension of the pastor of the church for immoral conduct, and the rules of the church give any member power to prosecute charges against the pastor, no authority to act for defendant can be inferred from the nature of the services rendered by plaintiff.

Appeal from trial term.

Action by Frank E. Parshley against the Third Methodist Episcopal Church of the city of Brooklyn to recover for services rendered and moneys expended. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before CLEMENT, C. J., and VAN WYCK and OSBORNE, JJ.

Wm. J. Groo, for appellant.

Charles M. Stafford, for respondent.

VAN WYCK, J.    The defendant belongs to the New York East Conference of the Methodist Society.    The bishop annually assigns the ministers to the churches within his jurisdiction.    Any member of the church has the power and right to request the bishop not to reassign any minister for another year, giving his reason therefor, and also the right to make charges before the presiding elder of the district looking to the suspension of the minister, pending the charges, until the ensuing annual conference shall consider and determine the same.    Charles W. Millen was duly appointed the pastor of the defendant for the year ending April, 1887.    The plaintiff, Parshley, and some of his fellow members in defendant church, complaining of the unfitness of Millen, memorialized the bishop to send them another pastor for the coming year, which was disregarded.    On July 29 and in September, 1887, he (Parshley) presented charges of immorality to the presiding elder, which resulted in Millen's suspension until the annual conference of April, 1888, by which he was found guilty of imprudent and unministerial conduct, and allowed to withdraw from the conference, and return his parchments.    Parshley claims that in the part he took in all these proceedings he expended $7,500, and that his services were worth $1,500.    This action was brought to recover these amounts from the defendant.    The learned referee decided that his labor was worth $1,500, and that he expended $7,500 in the work, and that he received towards the reimbursement of himself from various sources, $4,385, and was entitled to recover the balance of $4,616, with interest, from defendant.    From the judgment entered thereupon this appeal is taken.

We think the evidence overwhelmingly establishes the finding of the referee that such labor, services, and expenditures were ren-

dered and made by the plaintiff without the request or authority of the defendant or of its board of trustees, or of any person or persons having authority or power to bind the defendant. No authority could, by the most strained inference, be implied from the character or nature of the services or the labors, for any individual member of this church could have made like charges, and expended his money in their prosecution, against the direct wish and command of the defendant. It is manifest that he did not contemplate that the defendant would reimburse him, for he secured a contract from some of his personal associates to give him financial support in the prosecution of Millen, and made an appeal by the circulation of a pamphlet calling upon the general Methodist public to subscribe to a fund for his reimbursement. The referee decided that after these labors were performed and expenses were incurred in the prosecution of Millen the defendant adopted and ratified them by its full board of trustees, and upon this finding this judgment must stand or fall. Is it sustained by the evidence we are called upon now to consider? No formal claim upon the defendant was ever presented to the board until January 13, 1892. The referee rests his decision upon two acts of the board, and, if these are short of a ratification, then this judgment must be reversed. The first of these is a resolution of the board on May 14, 1891, contracting with its attorney, Judge Groo, to conduct the proceedings instituted by the New York and Brooklyn Bridge to acquire the church land on an agreement to pay him $6,000 for his services if he would guaranty that the sum paid for the same should be at least $104,000. It was $130,000, and the attorney received the $6,000, and out of it he paid or contributed $3,500 to plaintiff. I can find no convincing proof that the board required or intended that this sum should be so applied by the attorney, though there is some evidence that some members of the board had talked to the attorney to this effect. The mere fact that the resolution is silent as to any such purpose manifests an intention not to adopt or ratify this claim for the labors and expenditures of the plaintiff. The second act of the board upon which the referee rests his decision is the resolution of January 14, 1892, appointing two members of the board, Salt and Jones, a committee with power to examine "plaintiff's claim," and to fix and agree upon the sum, "if any," to be paid him, and requiring the committee to confer with and act under the advice of the board's attorney, both in the investigation and settlement of the claim. The evidence is clear that the committee intentionally failed, neglected, and refused to confer with or to give an opportunity to the board's attorney to advise them, though he requested it. The committee presented their report in favor of the claim to the board, which rejected it for this glaring and inexcusable disregard of their instruction, and for the same reason it does not bind the defendant. We think the resolution itself plainly disclosed an intent to refer to the committee for investigation the question of liability as well as that of amount. Having reached the conclusion that the finding of ratification on the part of the defend-

ant is not sustained by a fair preponderance of evidence, it is unnecessary to consider the other questions and exceptions presented to us. Judgment must be reversed, with costs to abide the event, and order of reference vacated. All concur.